IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN C. KOON,

    Petitioner,

v.

BELMONT CORRECTIONAL
CENTER,

    Respondent.

Case No. 2:18-cv-01373
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

ORDER and
REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the undersigned pursuant to 28 U.S.C. 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion for Leave to Proceed in forma pauperis. (ECF No. 4.) Upon consideration, the Court finds the Motion is meritorious, and, therefore, it is **GRANTED**.

**WHEREUPON IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, these are the

circumstances here. For the reasons that follow, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner's Motion for an Evidentiary Hearing (ECF No. 2) is **DENIED**.

**Facts and Procedural History**

Petitioner challenges his conviction after a jury trial in the Hocking County Court of Common Pleas on possession of heroin. The Ohio Fourth District Court of Appeals affirmed his conviction, and the Ohio Supreme declined to accept jurisdiction of the appeal. Petitioner also indicates that he unsuccessfully pursued post-conviction relief. On November 5, 2018, he filed this pro se habeas corpus petition. He asserts that the evidence is constitutionally insufficient to sustain his conviction, that his conviction is against the manifest weight of the evidence, and that he was denied the effective assistance of counsel. However, this is not Petitioner's first federal habeas corpus petition. On October 3, 2016, he filed a prior 2254 action. On June 9, 2017, Judgment was entered dismissing that action. K*oon v. Warden, Madison Correctional Institution*, Case No. 2:16-cv-00950. Thus, this action plainly constitutes a successive, or second, habeas corpus petition.

**Successive Petitions**

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such

successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id*.

Applying the foregoing, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims:*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

**Recommended Disposition**

Therefore, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner's Motion for an Evidentiary Hearing (ECF No. 2) is **DENIED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*/s/ Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE